**Ronald WEBB, Petitioner–Appellant,**

v.

**Robert KAPTURE, Respondent–Appellee.**

No. 01–1879.

United States Court of Appeals, Sixth Circuit.

April 17, 2003.

Before BATCHELDER and COLE, Circuit Judges; and GRAHAM,* District Judge.

BATCHELDER, Circuit Judge.

Ronald Webb appeals the district court's order denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We will affirm the district court's judgment.

After a jury trial, a state court found Webb not guilty by reason of insanity on the charge of second degree murder for the death of his father, and guilty but

mentally ill on the charge of second degree murder for the death of his father's girl-friend. At trial, the court restricted the scope of the testimony to be given by Webb's psychiatric expert and denied Webb's request for a jury instruction on voluntary manslaughter. Webb raised both of these issues before the state appellate court, which affirmed the trial court. The Michigan Supreme Court granted leave to appeal on the issue of the limitation of the scope of the expert's testimony, and held that the trial court's rulings limiting the scope of the expert's testimony were erroneous as a matter of Michigan's Rules of Evidence, but that the error was harmless because those rulings had not resulted in any limitation of the scope of the expert's testimony. In his petition for habeas relief, Webb claims the trial court's restriction of the expert's testimony denied Webb his Sixth Amendment right to compulsory process and his due process right to present a defense, and that the trial court violated his Fourth, Fifth and Fourteenth Amendment rights by refusing to instruct the jury on voluntary manslaughter.[1] The district court held that the Michigan Supreme Court's ruling with regard to the expert witness's testimony did not implicate the Compulsory Process Clause and did not result in a denial of due process. The district court further held that a state court's refusal to instruct the jury on the lesser offense of voluntary manslaughter does not amount to a violation of due process in a non-capital case unless in refusing to give the instruction the state court flagrantly violated the state's own law, and here, the state appellate court had held that the refusal to give the instruction was proper as a matter of state law. The district court concluded that the state courts' adjudication of these

claims did not result in a decision that was contrary to, or an unreasonable application of, established federal law.

After carefully reviewing the record, the applicable law, the parties's briefs and counsels' arguments, we are convinced that the district court did not err in its conclusions. As the district court's opinion carefully and correctly sets out the law governing the issues raised, and clearly articulates the reasons underlying its decision, issuance of a full written opinion by this court would serve no useful purpose. Accordingly, for the reasons stated in the district court's opinion, we AFFIRM the judgment of the district court.

---

**1.** Webb also raised in his petition but does not raise on appeal a claim that the trial court

erred by giving the jury a constitutionally deficient reasonable doubt instruction.